# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARK BEDELL,** | ) CASE NO. 1:17 CV 1161 |
| **Plaintiff,** | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| **OHIO DEPT. OF** | ) |
| **JOBS & FAMILY SERVICES,** *et al.,* | ) |
| **Defendants.** | ) |

*Pro se* Plaintiff Mark Bedell filed the above-captioned action under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 against the Ohio Department of Jobs and Family Services ("ODJFS"), ODJFS Director Cynthia D. Dungey, the Portage County Child Support Enforcement Agency ("CSEA"), Portage County Court of Common Pleas Clerk of Court Jill Faukhauser, Cuyahoga County Court of Common Pleas Clerk of Court Nailah K. Byrd, Portage County Sheriff David Doak, Cuyahoga County Sheriff Clifford Pinkney, Cuyahoga County Prosecutor Michael O'Malley, Portage County Prosecutor Victor Vigluicci, Portage County Common Pleas Court Judge Laurie J. Pittman, and Cuyahoga County Common Pleas Court Judge Brian J. Corrigan. In the Complaint, Plaintiff challenges past and present criminal prosecutions for failure to pay child support. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

**Factual and Procedural Background**

Plaintiff has been prosecuted in both Portage and Cuyahoga Counties for felony non-payment of child support. Plaintiff owes over $100,000.00 in child support. He was indicted in Portage County in 2006. *See State of Ohio v. Bedell*, No. 2006CR00272 (Portage Cty Ct. Comm. Pl. indict filed June 14, 2006). It appears he was convicted of these charges. He continued to fail to pay support and has been charged with contempt. Those charges are still pending. He was also indicted in Cuyahoga County for felony non-payment of child support in 2015. He pled guilty to the charges in March 2016, and agreed to pay restitution, to pay current child support each month, and serve 5 years probation with six months in prison on his first violation. He failed to abide by the terms of his probation and Judge Brian Corrigan schedule a community control violation hearing on June 8, 2017. Plaintiff filed this action, naming Judge Corrigan as a Defendant. Judge Corrigan recused himself and continued the hearing. Judge Gibson was assigned to preside over the case. Plaintiff unsuccessfully attempted to remove both criminal cases to federal court. Both cases were remanded to the state courts where they are still pending.

In his Complaint, Plaintiff asserts claims under 42 U.S.C. §§ 1983,1985, 1986 and 1988 for false arrest, false imprisonment, conspiracy, and malicious prosecution. His pleading is composed largely of rhetoric generally attacking child support. He does not elaborate on any of these claims. He seeks compensatory and punitive damages.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief

can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

**Discussion**

To the extent the criminal charges are still pending against him, this Court must abstain from hearing challenges to the state court proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending

state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

If Plaintiff's criminal case is still pending, all three factors supporting abstention are present. State court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state actions. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal actions

against the Plaintiff.

To the extent Plaintiff is referring to his criminal convictions, he also cannot proceed. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a convicted Plaintiff seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If the Court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff's claims all pertain to his arrest and prosecution for felony non-payment of child support. Those claims, if found to have merit, would by their nature call into question his convictions. Therefore, he would have to demonstrate that those convictions were overturned on appeal. He has not done so.

In addition, the state agency and official, the Judges, the Prosecutors and the Court Clerk are immune from suits for damages. Plaintiff names the Ohio Department of Jobs and Family Services and its Director Cynthia D. Dungey as Defendants. He does not allege any facts pertaining to Ms.

Dungey, suggesting she is sued in her official capacity. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies, and agency officials sued in their official capacities. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff contends Judge Pittman and Judge Corrigan presided over his felony non-support cases. His claims all pertain to decisions they made relevant to his cases. These Defendants are absolutely immune from damages under 42 U.S.C. §1983.

Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed

if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). Here, Plaintiff's claims against Cuyahoga County Prosecutor Michael O'Malley and Portage County Prosecutor Victor Vigluicci are based on their role in initiating and supervising Plaintiff's prosecutions. Consequently, these Defendants are entitled to absolute immunity.

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Whether an act is judicial in character does not depend on whether it is discretionary. *Id.* Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankruptcy Court, Dist of Nevada*, 828 F.2d

1385, 1390 (9th Cir. 1987). Acts committed in error or in excess of jurisdiction will not abrogate immunity, even if it results in "grave procedural errors." *Id.* Plaintiff does not clearly indicate what actions were taken by Portage County Court of Common Pleas Clerk of Court Jill Faukhauser, and Cuyahoga County Court of Common Please Clerk of Court Nailah K. Byrd that led to this suit. It would appear these claims are based on their respective roles in supervising deputy clerks who process court documents related to his prosecutions. These actions are an integral part of the court process entitling these Defendants to absolute immunity as well. *See Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)(citing *Foster*).[1]

Furthermore, Plaintiff does not include any allegations against Portage County CSEA, Portage Coutny Sheriff David Doak, Cuyahoga County Sheriff Clifford Pinkey, or ODJFS Director Dungey in her individual capacity. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Ansent specific allegations against these Defendants, Plaintiff failed to state a claim upon which may be granted against them.

Finally, Plaintiff asserts claims under 42 U.S.C. §§ 1985 and 1986. To establish a violation of § 1985, Plaintiff must allege that the Defendants conspired together for the purpose of depriving

---

[1] *See Fish v. Murphy*, No. 01-3601, 2001WL 1355611(6th Cir. Oct. 26, 2001)(finding the clerk of court was entitled to absolute immunity even though he stamped the wrong date on the document which resulted in the dismissal of an appeal); *Harris v. Suter*, No. 00-3309, 2001 WL 111586 (6th Cir. Feb. 1, 2001)(holding clerk was entitled to absolute immunity for actions associated with filing or failing to file a document); *Burton v. Mortimer*, No. 99-1956, 2000 WL 876517 (6th Cir. June 22, 2000)(finding the denial of free copies of the file and a delay in forwarding the record to the state court of appeals which results in an erroneous dismissal for lack of jurisdiction and are both quasi-judicial functions which entitle the clerk to absolute immunity); *see also Foster*, 864 F.2d at 417 (the act of issuing an order of a judge is a quasi-judicial function entitled to immunity).

him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). A Plaintiff fails to state an adequate claim if his allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). A Plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993) (holding that Plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds). Conspiracy claims must be pled with specificity. *Id.* Furthermore, the acts that allegedly deprived the Plaintiff of equal protection must be the result of class-based discrimination. *Bass*, 167 F.3d at 1050; *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992). In this case, Plaintiff does not allege any specific facts to suggest the Defendants engaged in a conspiracy and does not include any allegations of discrimination based on membership in a protected class. He failed to state a claim for relief under § 1985.

Because Plaintiff has failed to state a claim under § 1985, his claims for relief under § 1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

**Conclusion**

Accordingly, Plaintiff's application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not

be taken in good faith.[2]

      IT IS SO ORDERED.


                                          /s/Donald C. Nugent
                                          DONALD C. NUGENT
                                          UNITED STATES DISTRICT JUDGE

Dated: __December 7, 2017____

---

[2] 28 U.S.C. § 1915(a)(3) provides:

      An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.